```
                                                            ┌─────────────────────────────┐
                                                            │ USDC SDNY                   │
                                                            │ DOCUMENT                    │
UNITED STATES DISTRICT COURT                                │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK                               │ DOC #:_____       │
-------------------------------------------------------- X  │ DATE FILED:  4/28/2020      │
                                                         :  └─────────────────────────────┘
  WILMER SANTAMARIA,                                     :
                                                         :
                              Plaintiff,                 :
                                                         :        19-CV-10795 (VEC)
             -against-                                   :
                                                         :              ORDER
                                                         :
                                                         :
  HILTON WORLDWIDE, INC. AND HLT                         :
  EXISTING FRANCHISE HOLDING, LLC,                       :
                                                         :
                              Defendants.                :
-------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

Plaintiff Wilmer Santamaria sued Hilton Worldwide, Inc.[1] and HLT Existing Franchise Holding LLC for injuries sustained at a Hilton hotel in Fort Lauderdale, Florida. Plaintiff alleges that he suffered serious burns in the shower of his hotel room. Compl. (Dkt. 1-1) ¶¶ 18, 20. Defendants removed this case to federal court and moved to dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Not. (Dkt. 1); Mot. (Dkt. 6-2). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. For the following reasons, Defendants' motion to dismiss is GRANTED.

---

[1]   Hilton Worldwide, Inc. is now known as Park Hotels & Resorts, Inc. *See* R. 7.1 Disclosure (Dkt. 7) at 1.

**BACKGROUND**[2]

In August 2019, Plaintiff stayed in the Hilton Fort Lauderdale Marina Hotel in Florida. Compl. ¶¶ 12, 16, 18. Plaintiff was injured by scalding water in his hotel room's shower. *Id*. ¶ 18. He primarily received treatment for his injuries in New York, where he resides with his wife. Cohen Aff. Opp. (Dkt. 19) at 1–2. She was a witness to the aftermath of the incident. *Id.* at 2.

Santamaria (self-contradictorily) alleges that Defendants are (i) domestic business corporations existing under the laws of the State of New York and (ii) foreign business corporations existing under the laws of the United States and authorized to do business in New York. Compl. ¶¶ 2–3, 5–6. Santamaria also alleges that Defendants transacted business in New York State and derived a substantial portion of their income from their business activities in New York State. *Id.* ¶¶ 4, 7.

Defendants are, in fact, Delaware business entities with their principal places of business in Virginia. DeMott Decl. (Dkt. 6) ¶ 15; Certificates of Formation (Dkt. 6-3) at 4, 25. Plaintiff does not contest those facts.

**DISCUSSION**

**I.     Personal Jurisdiction**

A federal court must have personal jurisdiction over a defendant. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). There are two types of personal jurisdiction: specific and general. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). Specific jurisdiction exists "when the cause of action . . . arises out of the defendant's activities in a state." *Id.* General jurisdiction, in contrast, "permits a court to adjudicate any cause of

---

[2]   The facts are based on the motion papers and the allegations contained in the Complaint. The Court accepts all well-pled, non-conclusory factual allegations in the pleadings as true and draws all reasonable inferences in the light most favorable to Plaintiff. *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013).

action against the corporate defendant, wherever arising, and whoever the plaintiff." *Id.*  In either case, "the exercise of personal jurisdiction over a defendant is informed and limited by the U.S. Constitution's guarantee of due process, which requires that any jurisdictional exercise be consistent with 'traditional notions of fair play and substantial justice.'" *Id.* at 625 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

To survive a motion to dismiss, the plaintiff "bears the burden of establishing personal jurisdiction over the defendant." *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (quotation omitted).  When the motion to dismiss is decided on the basis of the pleadings (rather than on the basis of an evidentiary hearing), the plaintiff need make only a prima facie showing that jurisdiction exists.  *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008).

### A.     Specific Jurisdiction

Plaintiff has barely attempted to meet his burden of establishing that this Court has personal jurisdiction over Defendants, arguing primarily that the Court should not transfer the case to the Southern District of Florida pursuant to 28 U.S.C. § 1404 (relief Defendants sought in the alternative). *See* Cohen Aff. Opp. at 2–5.  There are significant differences between personal jurisdiction and venue, not least that *Defendants* bear the burden of establishing that transferring venue is warranted. *See* 28 U.S.C. § 1404(a); *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).  Construing the pleadings as liberally as if Plaintiff were proceeding *pro se*, *see Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), this Court can find no basis for personal jurisdiction.

A federal court sitting in diversity must examine whether the exercise of personal jurisdiction is permitted by the forum state's long-arm statute. *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015).  "If the long-arm statute permits personal jurisdiction,

we analyze whether personal jurisdiction comports with due process protections established under the Constitution." *Id.*

New York's long-arm statute offers four bases for personal jurisdiction, none of which applies here. *See* N.Y. C.P.L.R. § 302. Plaintiff does not allege that his claim arises from Defendants' business transactions in New York; thus the statute's first subsection is of no aid. *See Eades*, 799 F.3d at 168 ("To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." (citing N.Y. C.P.L.R. § 302(a)(1))).

The long-arm statute also confers personal jurisdiction over a non-domiciliary who in person or through an agent "commits a tortious act within the state." N.Y. C.P.L.R. § 302(a)(2). Plaintiff does not allege any tortious actions taken by Defendants in New York. His claims arise solely from allegations that Defendants failed to properly maintain a hotel shower in Florida.

The long-arm statute's third subsection confers personal jurisdiction over a non-domiciliary who "commits a tortious act without the state causing injury to person or property within the state." N.Y. C.P.L.R. § 302(a)(3). "[C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury.'" *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999) (citation omitted). Despite undergoing treatment in New York, Plaintiff does not allege that the incident which caused his injuries occurred in New York—it occurred in Florida.

Lastly, the fourth subsection of the long-arm statute confers personal jurisdiction over a non-domiciliary who "owns, uses or possesses any real property situated within the state." N.Y. C.P.L.R. § 302(a)(4). "[T]o allege personal jurisdiction over a non-domiciliary defendant under

4

Section 302(a)(4), a plaintiff must demonstrate a relationship between the property and the cause of action sued upon." *Karoon v. Credit Suisse Grp. AG*, No. 15-CV-4643, 2016 WL 815278, at *5 (S.D.N.Y. Feb. 29, 2016) (quotation omitted).  Plaintiff alleges that the incident occurred at a property in Florida, so the statute's fourth subsection does not apply.

In short, the first requirement for specific jurisdiction—that it is permitted under the forum state's long-arm statute—is not met in this case.

### B. General Jurisdiction

The Supreme Court in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), has set a "high bar" for finding that the exercise of general jurisdiction over an out-of-state corporation is constitutional.  *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 626 (2d Cir. 2016).  A court's inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" *Daimler*, 571 U.S. at 138–39 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  The Supreme Court further explained that a corporation is "essentially at home" in either its place of incorporation or its principal place of business.  *Lockheed Martin*, 814 F.3d at 627 (citing *Daimler*, 571 U.S. at 137).

Plaintiff's pleadings fall woefully short of establishing that Defendants are at home in New York.  Plaintiff asserts only that Defendants are "duly authorized to do business in the State of New York, and did, in fact, transact business in the State of New York."  Cohen Aff. Opp. at 5.  The Court also cannot accept Plaintiff's allegation that Defendants are organized under the laws of New York as true because that allegation is contradicted by other allegations in the

Complaint as well as the entities' certificates of formation that Defendants have submitted with their motion.[3]

Defendants are Delaware business entities with their principal places of business in Virginia. DeMott Decl. ¶ 15; Certificates of Formation at 4, 25. And their alleged contacts with New York "fall far short of the relationship that Due Process requires, under *Daimler* and *Goodyear*, to permit the exercise of general jurisdiction." *Brown*, 814 F.3d at 630. Plaintiff has failed to present the exceptional case where general jurisdiction exists over Defendants.[4]

## CONCLUSION

Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED and Plaintiff's motion to amend his complaint is DENIED.

The Clerk of Court is respectfully directed to terminate this case.

**SO ORDERED.**

Date: April 28, 2020
New York, New York

VALERIE CAPRONI
United States District Judge

---

[3] The Court may consider "affidavits and documents beyond the pleadings" submitted on a Rule 12(b)(2) motion. *Sullivan v. Walker Constr., Inc.*, No. 18-CV-9870, 2019 WL 2008882, at *1 (S.D.N.Y. May 7, 2019) (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).

[4] Defendants also assert that Hilton Worldwide, Inc. is not a proper party to this action; they assert the proper party is Hilton Management LLC, the owner and operator of the Florida hotel. DeMott Decl. ¶ 1 n.1. Thus Plaintiff, in his opposition to the motion to dismiss, has also moved to amend the complaint to substitute Hilton Management LLC as the sole defendant. Not. of Cross-Mot. (Dkt. 15) at 1. Hilton Management LLC is incorporated in Delaware and has its principal place of business outside of New York. DeMott Decl. ¶ 1 n.1; Certificates of Formation at 2. Plaintiff's motion to amend is denied as futile because personal jurisdiction over Hilton Management LLC is absent for the same reasons it is absent over the named Defendants.

Complaint as well as the entities' certificates of formation that Defendants have submitted with their motion.[3]

Defendants are Delaware business entities with their principal places of business in Virginia. DeMott Decl. ¶ 15; Certificates of Formation at 4, 25. And their alleged contacts with New York "fall far short of the relationship that Due Process requires, under *Daimler* and *Goodyear*, to permit the exercise of general jurisdiction." *Brown*, 814 F.3d at 630. Plaintiff has failed to present the exceptional case where general jurisdiction exists over Defendants.[4]

## CONCLUSION

Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED and Plaintiff's motion to amend his complaint is DENIED.

The Clerk of Court is respectfully directed to terminate this case.

**SO ORDERED.**

Date: April 28, 2020
New York, New York

VALERIE CAPRONI
United States District Judge

---

[3] The Court may consider "affidavits and documents beyond the pleadings" submitted on a Rule 12(b)(2) motion. *Sullivan v. Walker Constr., Inc.*, No. 18-CV-9870, 2019 WL 2008882, at *1 (S.D.N.Y. May 7, 2019) (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).

[4] Defendants also assert that Hilton Worldwide, Inc. is not a proper party to this action; they assert the proper party is Hilton Management LLC, the owner and operator of the Florida hotel. DeMott Decl. ¶ 1 n.1. Thus Plaintiff, in his opposition to the motion to dismiss, has also moved to amend the complaint to substitute Hilton Management LLC as the sole defendant. Not. of Cross-Mot. (Dkt. 15) at 1. Hilton Management LLC is incorporated in Delaware and has its principal place of business outside of New York. DeMott Decl. ¶ 1 n.1; Certificates of Formation at 2. Plaintiff's motion to amend is denied as futile because personal jurisdiction over Hilton Management LLC is absent for the same reasons it is absent over the named Defendants.